**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JULIAN JERNIGAN**                                                                             **PLAINTIFF**

**VS.**                                                     **CIVIL ACTION NO.: 3:17-cv-00861-WHB-JCG**

**WAL-MART STORES, INC.,** *et al.*                                                    **DEFENDANTS**

**WAL-MART STORES EAST, LP'S MEMORANDUM IN SUPPORT OF ITS MOTION
FOR SUMMARY JUDGMENT**

COMES NOW, Wal-Mart Stores East, LP ("Wal-Mart" or "Defendant") by and through Forman Watkins & Krutz LLP, as counsel of record, files this Memorandum in Support of its Motion for Summary Judgment, and in support thereof would show unto the Court the following:

**I. UNDISPUTED FACTS**

This personal injury suit was initially filed in state court and subsequently removed to this Court on October 27, 2018, based on diversity. *See,* ECF Docket No. 1. In his Complaint, the Plaintiff, Julian Jernigan, alleges that he was severely burned on June 2, 2017, after sitting on a mobile scooter seat that had become dangerously hot after sitting out in the Wal-Mart parking lot. *See*, ECF Docket No. 1-1, p. 3. He asserts that he previously suffered a stroke and as a result could not feel the seat burning him and was unaware he had suffered burns until a later time. *Id.* at p. 4. He alleges that Wal-Mart acted negligently by allowing the scooter to remain in the "Mississippi sun" thereby causing the plastic seating to become dangerously hot. *Id.*

Since the filing of the Complaint, Wal-Mart propounded written discovery and the Plaintiff has answered. Further, Wal-Mart conducted the depositions of the Plaintiff and his wife.

In his deposition on May 7, 2018, the Plaintiff could not recall the exact date the incident

occurred but agreed with counsel that it would have been on June 2, 2017.  *See*, Julian Jernigan Deposition, attached as Exhibit "A," p. 17-18.  He further stated that his wife went with him to the Wal-Mart store that day, but he is unsure of the exact time they arrived.  *Id.* at p. 19-20.  After arriving, he got on a scooter that was outside and went into the store. *Id.* at p. 20.  He thought the seat was warm but did not think anything else of it.  *Id.* at p. 20.  When asked if the weather was "particularly hot," that day, the Plaintiff stated "**Not to me**." *Id.* at p. 23.  The Plaintiff remained in the store for around twenty (20) minutes before leaving.  *Id.*  The Plaintiff stated that he did not realize he was hurt until later when he noticed that a blister had burst on his leg.  *Id.* at p. 24.  Despite his injury, he did not first seek medical care until eleven (11) days later on June 13, 2017. *Id.* at p. 24-26.    He later visited a burn center for treatment, and in response to questions regarding his burns, he stated that the only burns he had were on the top portions of his right and left thighs.  *Id.* at p. 26-28, 34-35.  The Plaintiff's alleged injuries have completely healed.  *Id.* at p 34.

Additionally, the Plaintiff's wife was also deposed the same day.  She also stated that the weather was "pleasant" on the day of this incident and did not indicate that it was particularly hot in anyway.  *See*, Joyce Jernigan's Deposition, attached as Exhibit "B," p. 19.  According to her testimony, the Plaintiff did not realize he was injured until the day after he visited the Wal-Mart store.  *Id.* at p. 6, 10.

In light of the discovery conducted, this case is ripe for summary judgment.  The Plaintiff has no evidence whatsoever that the scooter seat constituted a dangerous condition or that Wal-Mart acted in a way that caused the alleged condition of the scooter.  Furthermore, there is no evidence that Wal-Mart has actual notice of the condition alleged nor is there evidence to impute constructive knowledge to Wal-Mart.  Summary judgment is appropriate.

## II.  ARGUMENT

### A.  Summary Judgment Standard

Fed. R. Civ. P. 56(a) states that "[a] party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  To achieve summary judgment, "'the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case'" where the burden at trial lies with the nonmovant.  *Elliot v. Amadas Indus.*, 796 F. Supp. 2d 796, 810 (S. D. Miss. March 1, 2011) (quoting *Cuadra v. Houston Indep. Sch. Dist.*, 626 F. 3d 808, 812 (5th Cir. 2010)).  Further, the nonmovant must then present facts demonstrating that there is a genuine issue of material fact for trial.  *Id.* at 810-11.  An issue is genuine and material if its determination "'could affect the outcome of the action' and 'the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.'"  *Id.* at 811 (citations omitted).  Summary judgment is mandatory "'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  *Montgomery v. CitiMortgage, Inc.,* 955 F. Supp. 2d 640, 647-48 (S.D. Miss. July 8, 2013) (quoting *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F. 3d 759, 766 (5th Cir. 2011)).

### B.  Evidence Needed to Support a Negligence Claim

In order to withstand summary judgment, an invitee[1] Plaintiff must show that a dangerous condition existed and meet at least one (1) of three (3) prongs.  In Mississippi, the owner of a business "owes a duty to an invitee to exercise reasonable or ordinary care to keep the premises in

---

[1] For the purposes of this motion, Wal-Mart concedes that the Plaintiff was an invitee at the time of the incident.

a reasonably safe condition or to warn of dangerous conditions not readily apparent, which the owner or occupant knows of, or should know of, in the exercise of reasonable care." *Thompson v. Chick–Fil–A, Inc.,* 923 So.2d 1049, 1052 (Miss.Ct.App.2006) (citing *Robinson v. Ratliff,* 757 So.2d 1098, 1101 (Miss.Ct.App.2000)). However, "[b]usiness owners are not strictly liable for injuries occurring on the premises, nor are they insurers of their invitees' safety." *McCullar v. Boyd Tunica, Inc.,* 50 So.3d 1009, 1012 (Miss.Ct.App.2010). Therefore, in order to prevail on [his] claim, [the Plaintiff] must show "(1) a negligent act by the defendant caused the plaintiff's injury; or, (2) the defendant had actual knowledge of a dangerous condition, but failed to warn the plaintiff of the danger; or, (3) the dangerous condition remained long enough to impute constructive knowledge to the defendant." *Stanley v. Boyd Tunica, Inc.,* 29 So.3d 95, 97 (¶ 9) (Miss.Ct.App.2010) (quoting *Byrne v. Wal–Mart Stores, Inc.,* 877 So.2d 462, 465 (Miss.Ct.App.2003)). Each requires a showing of a dangerous condition; thus, a property owner cannot be found liable for the plaintiff's injury where no dangerous condition exists. *Id.* Stated otherwise, "[t]he landowner "owes a duty to the invitee to keep the premises reasonably safe and, when not reasonably safe, to warn only of hidden dangers not in plain and open view." *King v. King*, 229 So. 3d 197, 200 (Miss. Ct. App. 2017).  As stated above, the Plaintiff has failed to provide any evidence to meet these standards.

      **C.**    **The Plaintiff Has Failed to Present Sufficient Evidence to Withstand Summary Judgment**

In this case, the Plaintiff must first show that a dangerous condition existed as well as meet the three (3) prong test previously referenced.  Without a showing of these requirements, the Plaintiff cannot survive judgment.

As described, the Plaintiff along with his wife have been deposed.  The Plaintiff's entire case circles around one fact: Mr. Jernigan was burned while sitting on a Wal-Mart scooter at the

Wal-Mart store. An alleged injury at a Wal-Mart store does not automatically impute liability on Wal-Mart. Rather, it is the Plaintiff's burden to show that there was a dangerous condition and (1) a negligent act by the Defendant, (2) actual knowledge of danger and failure to warn, or (3) constructive knowledge of the danger.

In this case, the only evidence supporting the Plaintiff's case is his own self-serving statements that the scooter seat was so hot that it burned him. There is no other evidence to show that the seat was hot enough to burn him, or in other words, that an actual dangerous condition existed. Further, there is no evidence that Wal-Mart caused or allowed the seat to get hot or that Wal-Mart actually knew that the seat was dangerously hot, as alleged by the Plaintiff. Also, there is nothing in the record to show that Wal-Mart should have known about the seat. In fact, the evidence indicates otherwise, as both witnesses testified that it was not particularly hot on the date of the incident.

### 1. No Dangerous Condition Existed

The Plaintiff cannot show that the scooter was a dangerous condition. In *King,* the plaintiff injured herself while using a tractor on the premises of another. 229 So. 3d at 199. In finding for the defendant, the Court found that the plaintiff had not presented any evidence that the tractor was unsafe or for that matter, "was anything but an ordinary tractor." *Id.* at 201. Similar to *King*, Mr. Jernigan has not presented any evidence to demonstrate that the scooter was anything other than an ordinary scooter. There is no evidence that the scooter was somehow altered in anyway that might cause it to be dangerous. Therefore, the Plaintiff has failed to meet an essential element his claim, and summary judgment is appropriate.

### 2. The Plaintiff Cannot Meet Any of the Three (3) Prongs

In the alternative, even if it is found that a dangerous condition existed, the Plaintiff cannot

meet his burden to impose liability on Wal-Mart. The Plaintiff must provide evidence to support one (1) of the aforementioned three (3) prongs.

First, there is no evidence that Wal-Mart took any affirmative action that caused the seat to be hot. In the case of *McCullair v. Boyd Tunica, Inc.*, 50 So. 3d 1059 (Miss. Ct. App. 2010), the plaintiff alleged that water leaking from the ceiling in her hotel bathroom caused her to fall and injure herself. The defendant later stated that there indeed was a leak from a pipe above the bathroom. *Id.* The plaintiff alleged that defendant had caused the leaking and thereby created the dangerous condition. In finding for the defendant, the Court stated that the plaintiff failed to show any act by the defendant that caused the leak and failed to show that the defendant had violated any of its internal procedures or policies regarding maintenance or inspection. Similarly, there is no evidence in the record to show Wal-Mart acted in any way that would have caused the seat to be dangerously hot, and therefore, the Mr. Jernigan cannot meet this prong.

### 3. Wal-Mart Did Not Have Actual or Constructive Notice of the Alleged Dangerous Condition

The second prong requires the Plaintiff to show that Wal-Mart had actual knowledge of the alleged dangerous hot seat. There is neither discovery responses nor testimony that would provides this evidence. To be clear, there is no evidence whatsoever that anyone from Wal-Mart knew of any condition related to the scooter seat.

The third prong requires the Plaintiff to provide some type of evidence that Wal-Mart should have known about the dangerous condition. Again, there is no evidence in the record whatsoever that satisfies this requirement. The Plaintiff has failed to submit any evidence that might indicate how long the scooter was outside such that it could even become hot enough to burn him. *See, Douglas v. Great Atl. & Pac. Tea Co.* 405 So. 2d 107, 110 (Miss. 1981) (finding that without evidence showing the length of time the spill was on the floor, the Plaintiff could not

meet the constructive notice prong.) Further, there is no evidence that a similar incident has ever occurred such that Wal-Mart might be on notice. Lastly and most important, both witnesses testified that the weather that day was not particularly hot; therefore, by his own admission, there would have been no reason for Wal-Mart to believe that the seat could have become hot enough to burn someone. In short, the Plaintiff cannot show that Wal-Mart should have known about the alleged hot seat.

### III.  CONCLUSION

The evidence in this case is not sufficient to survive summary judgment. The Plaintiff cannot show that the seat was a dangerous condition as the scooter was nothing more than an ordinary scooter. Also, there is no evidence that Wal-Mart acted in any way to cause the seat to be dangerously hot. Lastly, there is no evidence whatsoever that Wal-Mart had actual notice of the alleged hot seat, nor did the Plaintiff provide any evidence to support a finding that Wal-Mart should have had constructive notice of the alleged hot seat. In short, the Plaintiff cannot show the essential elements of his claim, and summary judgment should be granted in Wal-Mart's favor.

Wal-Mart respectfully requests that this Court grant its motion for summary judgment and enter an order in the Defendant's favor, dismissing with prejudice, the claims made by the Plaintiff against it, and assess all costs of Court, including attorney's fees against the Plaintiff.

Respectfully submitted, this the 23rd day of July, 2018.

/s/ *Jennifer M. Studebaker*
JENNIFER M. STUDEBAKER (MSB #10433)
SIMINE BAZYARI REED (MSB #101259)
JOSHUA A. LEGGETT (MSB #103901)

ATTORNEYS FOR WAL-MART STORES EAST, LP

OF COUNSEL:

**FORMAN WATKINS & KRUTZ LLP**
210 East Capitol Street, Suite 2200
Jackson, MS 39201-2375
Telephone:  (601) 960-8600
Facsimile:  (601) 960-8613
Jennifer.Studebaker@formanwatkins.com
Simine.Reed@formanwatkins.com
Josh.Leggett@formanwatkins.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this the 23rd day of July, 2018, I caused to be filed via the CM/ECF system the foregoing document and that the service will be provided to all participants in the case by the CM/ECF system.

*/s/ Jennifer M. Studebaker*
JENNIFER M. STUDEBAKER