# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JULIAN JERNIGAN**                                                                                      **PLAINTIFF**

**VS.**                                                      **CIVIL ACTION NO.: 3:17-cv-861-WHB-JCG**

**WAL-MART STORES INC., ET AL.**                                          **DEFENDANTS**

---

### WAL-MART STORES EAST, LP'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S RESPONSE IN OPPOSITION TO WAL-MART STORES EAST, LP'S MOTION FOR SUMMARY JUDGMENT

---

COMES NOW, Wal-Mart Stores East, LP, by and through undersigned counsel, and submits this, its Memorandum in Support of its Motion to Strike Plaintiff's Response in Opposition to Wal-Mart Stores East, LP's Motion for Summary Judgment as Untimely, and in support thereof, would show unto the Court as follows:

### I. BACKGROUND

Pursuant to the Case Management Order, dispositive motions were due July 23, 2018. *See* ECF Docket No. 9. at p. 5. In accordance with that Order, Wal-Mart filed its Motion for Summary Judgment and Memorandum in Support of its Motion for Summary Judgment on July 23, 2018. *See* ECF Docket Nos. 19 and 20, respectively. Plaintiff had fourteen (14) days or until August 6, 2018 to respond to Defendant's Motion and Memorandum. *See,* L.U.Civ. R. 7(b)(4). However, Plaintiff filed his untimely response on August 8, 2018. Prior to this untimely filing Plaintiff failed to ask for leave of Court and failed to present any justification for his out-of-time filing.

## II. PATTERN OF DELIQUENCY

Time and again throughout this litigation, Plaintiff has failed to comply with the Case Management Order. Specifically, Plaintiff failed to file initial disclosures, failed to file expert designations, and failed to meaningfully engage in discovery in this matter. Plaintiff has neither sought extensions to meet his deadlines nor offered any reason for his blatant disregard for the Court rules and/or Court's Order.

## III. LEGAL AUTHORITY AND ARGUMENT

It is well settled that "in the course of managing its docket, a court may strike or decline to consider documents filed out of time." *Thompson v. Beasley,* 309 F.R.D. 236, 244 (N.D.Miss. 2015). Additionally, "where a non-moving party files an out-of-time response to a motion for summary judgment, the court may strike the untimely document, even when the party has sought an after-the-fact extension." *Id.* Under Rule 6(b)(1) of the Federal Rules of Civil Procedure*:*

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed.R.Civ.P. 6(b)(1). Here, Plaintiff had fourteen (14) days to respond to Wal-Mart's Motion for Summary Judgment. L.U.Civ. R. 7(b)(4). Although previous versions of the Federal Rules of Civil Procedure added three (3) days for responding after electronic service, the current version of the rules no longer allows for this extension. *See,* Fed. R.Civ. P. 6(d) (allowing additional three (3) days only when service made by mail, leaving with clerk, or other consented to means). Therefore, the Plaintiff here should only be allowed this out-of-time filing if his reason for delinquency amounts to "excusable neglect." To determine the existence of "excusable neglect"

the Court must determine the "relevant circumstances for the party's omission." *Slotter v. University of Texas at San Antonio,* 508 F.3d 812, 820 (5th Cir. 2007). Specifically, the Court must consider "the danger of prejudice…the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* Plaintiff's and/or Plaintiff's counsel's inadvertence, ignorance of the rules, or mistakes construing the rules to not constitute "excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 392 (1993).

Here, Plaintiff has offered no explanation for the delay in filing his Response to Wal-Mart's Motion for Summary Judgment. There appears to be no explanation for the untimeliness of the responses in the record. Rather, the Plaintiff has shown a pattern in this litigation of failure to act in good faith to comply with the deadlines set forth by this Court. As such, Wal-Mart is at a disadvantage in forming its defense due to the constant delays or inaction by the Plaintiff. Because Plaintiff cannot meet the standard for "excusable neglect," his response should be struck and disregarded by the Court.

WHEREFORE PREMISES CONSIDERED, Wal-Mart respectfully requests this Court strike Plaintiff's untimely Response in Opposition to Wal-Mart's Motion for Summary Judgment and corresponding Memorandum in Support thereof and consider only documents timely submitted in accordance with the Case Management Order when deciding on the merits of Wal-Mart's Motion for Summary Judgment.

Respectfully Submitted, this the 13th day of August, 2018.

*//s//* *Jennifer M. Studebaker*
JENNIFER M. STUDEBAKER (MSB# 10433)
SIMINE BAZYARI REED (MSB# 101259)
JOSHUA A. LEGGETT (MSB# 103901)

ATTORNEYS FOR WAL-MART STORES EAST, LP

OF COUNSEL:

**FORMAN WATKINS & KRUTZ LLP**
210 East Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
Telephone: (601) 960-8600
Facsimile: (601) 960-8613

Jennifer.Studebaker@formanwatkins.com
Simine.Reed@formanwatkins.com
Josh.Leggett@formanwatkins.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this the 13th day of August, 2018, I cause to be filed via the CM/ECF system the foregoing document and that the service will be provided to all participants in the case by the CM/ECF system.

*//s//* *Jennifer M. Studebaker*
JENNIFER M. STUDEBAKER
